**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rafael Cezar Danam,<br><br>Plaintiff,<br><br>v.<br><br>Arizona Board of Education, as individual members of the Arizona Board of Education, Diane Douglas, et al.,<br><br>Defendants. | No. CV18-01493-PHX-DGC<br><br>**ORDER** |

Pending before the Court are certain motions filed by Plaintiff, and Defendants' motion to dismiss the amended complaint. Oral argument has not been requested. For reasons stated below, the Court will deny Plaintiff's motion for reconsideration (Doc. 13), deny as moot his motion to amend the complaint (Doc. 14), grant his motion to adjust the case schedule (Doc. 17) by staying the case for 90 days, and deny without prejudice Defendants' motion to dismiss (Doc. 19) for their failure to comply with the Court's Local Rules of Civil Procedure.

**I.  Background.**

In May 2018, Plaintiff filed his original complaint and sought in forma pauperis status. Docs. 1, 2. He filed a notice of military service two weeks later. Doc. 7. The Court denied the IFP application, but granted Plaintiff an extension of time to pay the filing fee and serve the summons and complaint. Doc. 8. Plaintiff subsequently sought orders

requiring the U.S Marshal or the county sheriff to serve process on his behalf. Docs. 9, 11. The requests were denied. Docs. 10, 12.

Plaintiff sought leave to amend and lodged a proposed amended complaint on November 1, 2018. Docs. 14, 15. He subsequently paid the requisite filing fee and effected service of process. Docs. 20, 23. Defendants moved to dismiss the amended complaint on November 28, 2018. Doc. 19.

## II. Plaintiff's Motion for Reconsideration.

Plaintiff has filed a motion for reconsideration of the orders denying his requests for IFP status and alternative service. Doc. 13. Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV-05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). A motion for reconsideration will be granted where the Court has overlooked matters or committed manifest error. *See* LRCiv 7.2(g)(1); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

Plaintiff has shown no manifest error in the Court's prior rulings. Nor has he shown that the Court has overlooked or otherwise misapprehended matters. Rather, Plaintiff cites two statutes governing recusal of district judges, 28 U.S.C § 144 and § 455. Doc. 13 at 1-4.

Section 144 applies when a party believes that the district judge "has a personal bias or prejudice either against him or in favor of any adverse party[.]" 28 U.S.C. § 144. "Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit." *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Because Plaintiff has submitted no affidavit, his request for recusal may not be granted under § 144.

Section 455 provides that a district judge shall disqualify himself in any proceeding in which his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Plaintiff states that he "has no direct information that would suggest that judicial discretion and prudence is potentially biased against [him]" or in favor of Defendants. Doc. 13 at 2. Recusal is not appropriate under § 455.

Moreover, Plaintiff has paid the $400 filing fee and had the summons and amended complaint served on Defendants (Docs. 20, 23), rendering moot his motion for reconsideration of the orders denying the requests for IFP status and alternative service. The motion will be denied.

**III. Plaintiff's Motion to Amend.**

Plaintiff filed a motion to amend the complaint on November 1, 2018. Doc. 14. Because Defendants had not been served with or responded to the original complaint as of that date, Plaintiff was free to amend the complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a). *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). The Court will direct the clerk to file the lodged amended complaint (Doc. 15), and the motion for leave to amend (Doc. 14) will be denied as moot.

**IV. Plaintiff's Motion to Adjust Case Schedule.**

Plaintiff has provided notice that he is on active duty in the U.S. Air Force Reserve until March 30, 2019. Docs. 17, 21. Plaintiff asks the Court to adjust certain case management deadlines pending his release from active duty. Doc. 17 at 2.

Under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. § 3901 et seq., the Court "may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days[.]" § 3932(b)(1). The purposes of a stay are to enable servicemembers "to devote their entire energy to the defense needs of the Nation" and ensure that ongoing judicial proceedings do not "adversely affect the civil rights of servicemembers during their military service." § 3902; *see Boone v. Lightner*, 319 U.S. 561, 575 (1943) (noting that the SCRA "is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation"); *Le Maistre v. Leffers*, 333 U.S. 1, 6 (1948) (giving a broad construction to the SCRA in light of its "beneficient purpose").

Pursuant to § 3932(b) of the SCRA, the Court will stay this action for 90 days – until April 10, 2019. The stay will automatically expire unless Plaintiff continues on active

1 duty service after March 30, 2019 and applies for an additional stay pursuant to § 3932(d) of the SCRA.

**V. Defendants' Motion to Dismiss.**

The amended complaint asserts various constitutional violations and defamation claims against individual members of the Arizona State Board of Education. Doc. 15. The claims appear to arise out of the Board's investigation and subsequent revocation of Plaintiff's teaching license. *See id.* Plaintiff seeks more than $2 million in compensatory and punitive damages. *Id.* at 11-12.

Defendants have filed a motion to dismiss, arguing in part that the complaint fails to state a plausible claim for relief. Doc. 19. Local Rule of Civil Procedure 12.1 provides that "[n]o motion to dismiss for failure to state a claim . . . will be considered or decided unless the moving party includes a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment[.]" LRCiv 12.1(c). A motion to dismiss "that does not contain the required certification may be stricken summarily." *Id.*; *see Roth v. Allstate Ins. Co.*, No. 17-CV-00587-TUC-FRZ, 2017 WL 9565410, at *2 & n.10 (D. Ariz. Dec. 12, 2017).

Because Defendants' motion to dismiss does not contain the certification required by Local Rule 12.1(c), the motion will be denied.

**IT IS ORDERED:**

1. Plaintiff's motion for reconsideration (Doc. 13) is **denied**.
2. Plaintiff's motion to amend (Doc. 14) is **denied** as moot. The clerk is directed to file the lodged amended complaint (Doc. 15).
3. Plaintiff's motion to adjust the case schedule (Doc. 17) is **granted**.
4. This action is **stayed** until **April 10, 2019** pursuant to § 3932(b) of the SCRA. The stay will automatically expire on that date unless Plaintiff continues active duty service after March 30, 2019, and files an application for an additional stay pursuant to § 3932(d) of the SCRA.

5. Defendants' motion to dismiss (Doc. 19) is **denied**. Defendants' shall have **fourteen (14) days** after the stay expires to file a new motion to dismiss consistent with Local Rule 12.1 or otherwise respond to the amended complaint.

Dated this 11th day of January, 2019.

David G. Campbell
Senior United States District Judge