**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rafael Cezar Danam,<br><br>Plaintiff,<br><br>v.<br><br>Arizona Board of Education, as individual members of the Arizona Board of Education,<br><br>Defendants. | No. CV-18-1493-PHX-DGC<br><br>**ORDER** |

Pro se plaintiff Rafael Cezar Danam filed this action against the 18 members of the Arizona Board of Education, asserting various state and federal claims and seeking more than $2 million in damages. Doc. 25. Defendants have moved to dismiss Plaintiff's first amended complaint on several grounds. Doc. 36. The motion is fully briefed. Docs. 37, 39. As explained below, Plaintiff must respond to this order by July 16, 2019.

**I.  Background.**

Neither Plaintiff's first amended complaint nor his response to Defendant's motion clearly explain the relevant factual background for his claims. Defendant notes that Plaintiff's "claims appear to arise out of the Board's investigation and subsequent revocation of Plaintiff's teaching license." Doc. 36 at 2. An exhibit attached to Plaintiff's original complaint also refers to his termination and the revocation of his substitute teacher certification. Doc. 1 at 9.

/ / /

## II. Discussion.

Defendants assert that Plaintiff failed to properly serve all Defendants; Plaintiff fails to state a claim under Rule 12(b)(6); any defamation claims based on events before May 16, 2017 are barred by the statute of limitations in A.R.S. § 12-541; Defendants have absolute immunity pursuant to A.R.S. § 12-820.01 for state law claims against them; and Defendants are not liable for punitive damages.

### A. Failure to Serve all Defendants.

Rule 4 governs service of the complaint and summons on parties. Rule 4(m) provides that if "a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Thus, "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Id.*; *see also Tagata v. Schwarz Pharma., Inc.*, No. CV 14-2238-TUC-JAS, 2014 WL 12642791, at *1 (D. Ariz. Dec. 8, 2014).

Defendants assert that the Court must dismiss this action because Plaintiff failed to serve a summons on Defendant Douglass and failed to personally serve the remaining 17 Defendants within 90 days of filing his complaint on May 16, 2018. Doc. 36 at 3-4. Plaintiff has not filed notices of service as required by Rule 4(l), and his response to the motion is unclear. He states that the record shows "obstruction of justice" by Defendants in receiving service, but he also seems to argue that he executed proper service. Doc. 37 at 8-9. Plaintiff also requests an "extension for confirmation of service by Fed. R. Civ. P (m)" without explanation. *Id.* at 9. Plaintiff has failed to show that he properly served Defendants under Rule 4, and the Court will order Plaintiff to show good cause why an

extension should be granted and this action should not be dismissed for lack of service. Doc. 37 at 8-9.

One of Plaintiff's pending motions states that he is now out of the country for the month of June 2019 on active military duty, and the Court will not require Plaintiff's showing of good cause during that time. But the Court notes that this is the third time Plaintiff has filed a notice of active military service for the U.S. Air Force Reserve since the beginning of this case. *See* Doc. 7 (orders from May 17, 2018 to October 15, 2018); Doc. 21 (November 4, 2018 to March 30, 2019).

The Court has taken several steps to confirm that Plaintiff currently is a reserve member of the U.S. Armed Forces. Between April 26 and May 2, 2019, the Court's staff placed 15 calls to various numbers at Nellis Air Force Base. Five calls were placed to Chief Master Sergeant Andy Weeks, as identified in the letter filed by Plaintiff at Doc. 7, page 5. The Court also attempted to locate Colonel Raymond Tsui, whose signature appears on the same letter, but no number was available for him. Phone calls were made to and messages left for the First Sergeant of the 555 RHS, and no call was returned. Phone calls were made to and messages left for the First Sergeant of the 820th (the public affairs office and the base operator at Nellis Air Force Base identified the 820th as the unit to which the 555 RHS was assigned), and no call was returned. The individual answering the phone at the main number for the 820th had no knowledge of anyone with the last name of Danam currently assigned to the 555 RHS. Another person at the 820th, apparently named "Snyder," also confirmed no knowledge of a current member by the name of Danam. Calls were placed to the Legal Office at Nellis Air Force Base as well as the Reserve Legal Office at Nellis Air Force Base, but were not returned.

Other than Plaintiff's own assertions and the letter he filed, the Court has no clear evidence, and has been unable to confirm, that he is on reserve status or is deployed. Absent such evidence, the Court will not continue to prolong this litigation, especially given that Plaintiff has failed to show that Defendants have been served and are properly

parties to this case. By Tuesday, **July 16, 2019**, Plaintiff must provide proof that he is on reserve status and has been deployed during the periods he has stated to the Court.

### B. Dismissal Under Rule 12(b)(6).

A successful motion to dismiss under Rule 12(b)(6) must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

#### 1. Failure to State a Claim.

Defendants assert that Plaintiff's complaint fails to identify specific factual bases that Defendants could admit or deny, and only lists legal conclusions. Doc. 36 at 3. The Court agrees. Plaintiff's first amended complaint includes almost no factual allegations related to his claims. *See* Doc. 25. Rather than setting out a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(1), Plaintiff's 14-page complaint quotes extensively from various federal, state, and international law sources, but fails to plead specific factual allegations supporting his claims.

The caption and substance of Plaintiff's complaint seem to identify 42 U.S.C. § 1983, federal and state defamation statutes, and the First, Fifth, Sixth, and Fourteenth Amendments as the principal bases for his action. Doc. 25 at 1-5, 7-10. He also cites Article 2, §§ 4-6 and 32 of the Arizona Constitution. *Id.* at 2-3.

To state a claim under § 1983, Plaintiff must allege that an individual acting under color of state law violated his constitutional rights or a federal law. To the extent Plaintiff brings claims against the Board as an entity, a local governmental entity cannot be liable under § 1983 on a respondeat superior theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S.

658, 694 (1978). Plaintiff must show a policy, practice, or custom by the entity which permitted the alleged constitutional violation to occur. *See Christie v. Iopa*, 176 F.3d 1231, 1234-35 (9th Cir. 1999). Alternatively, Plaintiff can show that a government official "(1) had final policymaking authority concerning the action alleged to have caused the particular constitutional or statutory violation at issue and (2) was the policymaker for the local governing body for the purposes of the particular act." *Cortez v. Cty. of Los Angeles*, 294 F.3d 1186, 1189 (9th Cir. 2002) (internal quotations and citation omitted).

Plaintiff alleges no specific facts supporting a violation of constitutional rights or federal law by Defendants, nor a policy, custom, or practice of the Board that violated his rights. The Court cannot discern the basis for Plaintiff's other claims. The Sixth Amendment is inapplicable to this civil action, and his other asserted violations include numerous citations to legal sources with no factual support. Doc. 25 at 6-11. Plaintiff generally asserts that his complaint is sufficient, Doc. 37 at 5, but points to no factual content that allows the court to draw the reasonable inference that Defendants are liable for the misconduct alleged. *Twombly*, 550 U.S. at 556.

Plaintiff's response to Defendants' motion cites additional legal authority, but fails to shed light on the nature of his claims by identifying specific claims for relief and their factual support. *See* Doc. 37. He asserts that he "listed all Defendants and causes of violations" in pages 7-10 of his complaint (*id.* at 5), but those pages include only threadbare assertions that various Defendants failed to provide evidence, interview witnesses, thoroughly review law and documents, and failed to be impartial, without linking the allegations to specific causes of action. Doc. 25 at 7-10.

With dozens of legal citations and only minimal factual allegations, Plaintiff's complaint identifies no cognizable legal theory supported by "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). The Court cannot write Plaintiff's complaint for him. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) ("The court may dismiss a complaint for failure to satisfy Rule 8 if it is so confusing that its 'true

substance, if any, is well disguised.'"); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) (complaint "without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

### 2. Leave to Amend.

In the Ninth Circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988) (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)); *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996) ("As a general matter, this court has long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy.").

Plaintiff has filed one amended complaint as a matter of course, but Defendants do not argue that permitting another amendment would result in prejudice, undue delay, or be futile. *See* Doc. 36 at 5. Plaintiff may still be able to craft a second amended complaint that alleges sufficient factual support for his claims. If Plaintiff satisfies the Court's requirements as set forth above, the Court will grant Plaintiff leave to amend.[1]

## III. Conclusion.

In conclusion, by **Tuesday, July 16, 2019**, Plaintiff must (1) show good cause why the Court should grant an extension to serve all 18 Defendants under Rule 4, and (2) provide proof that he is in fact a reserve member of the U.S. Armed Forces and has been deployed during the times averred to the Court. If Plaintiff satisfies these requirements, the Court will permit additional time to serve, and, if service is completed, will dismiss Plaintiff's first amended complaint for failure to state a claim and will grant him leave to amend. If Plaintiff does not make the good cause showing explained above, the Court will dismiss this action for lack of service. If Plaintiff fails to provide clear

---

[1] Defendants make various other arguments, but the Court cannot address them in the absence of a clear complaint.

- 6 -

evidence that he is in fact a reserve member of the U.S. Armed Forces and has been deployed during the times averred to the Court, the Court likely will dismiss this case for failure to prosecute.

Plaintiff has filed motions to Amend/Correct Caption of Complaint, Amend/Correct Monetary Damage of Complaint, and Authorize Case Management Order. Docs. 31-33. These motions will be denied as moot in light of this order.

**IT IS ORDERED:**

1. Defendant's motion to dismiss (**Doc. 36**) is **granted in part and denied in part**. Dismissal for failure to state a claim under Rule 12(b)(6) will be granted, with leave to amend, if Defendants are properly served.
2. Plaintiff's pending motions (Docs. 31, 32, 33) are **denied** as moot.
3. By **July 16, 2019**, Plaintiff must (1) show good cause why the Court should grant an extension to serve all 18 Defendants under Rule 4, and (2) provide proof that he is in fact a reserve member of the U.S. Armed Forces and has been deployed during the times averred to the Court.

Dated this 30th day of May, 2019.

David G. Campbell
Senior United States District Judge